JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE CANO, an individual, | ) | CASE NO.  CV 15-8721-R |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S |
| | ) | MOTION TO REMAND |
| vs. | ) | |
| | ) | |
| SUNTRUST MORTGAGE INC., and DOES | ) | |
| 1 through 50, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

Before the Court is Plaintiff's Motion to Remand, which was filed on January 19, 2016. (Dkt. No. 15).  Having been thoroughly briefed by both parties, this Court took the matter under submission on March 2, 2016.

A defendant may remove a civil action from state court to federal court if original jurisdiction would have existed in the federal court at the time the complaint was filed.  28 U.S.C.

§ 1441(a).  The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction.  *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).  The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.  *Id*.  Accordingly, federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id*.

For a federal court to exercise diversity jurisdiction, the amount in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  A defendant seeking removal must "be held to a higher burden than showing a mere possibility that the jurisdictional amount is satisfied."  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155-56 n.2 (6th Cir. 1993) (abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010))).  In order to survive remand, the removing defendant must demonstrate that the amount in controversy requirement is satisfied by a preponderance of the evidence.  *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010).  When the amount in controversy is unclear from the face of the Complaint, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Gaus*, 980 F.2d at 566-67.  "Conclusory allegations as to the amount in controversy are insufficient."  *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003).

Defendant claims that the jurisdictional amount is satisfied because Plaintiff seeks to enjoin Defendant from foreclosing on his property, in which case the object of litigation is the value of the property or the loan.  Defendant's argument is not without case law support.  *See e.g. Hendricks v. Wells Fargo Bank, N.A.*, 2015 WL 1644028, at *5-6 (C.D. Cal. Apr. 14, 2015); *Major v. Wells Fargo Bank, N.A.*, 2014 WL 4103936, at *1-2 (S.D. Cal. Aug. 18, 2014).  However, the weight of authority supports the view that, when a plaintiff is seeking a *temporary* injunction pending the outcome of a loan modification review and is not seeking a rescission of the mortgage loan, the amount in controversy cannot properly be gauged by the entire value of the property or the loan.  *See e.g. Steele v. J.P. Morgan Chase Bank, N.A.*, 2015 WL 4272276, at *3 (C.D. Cal. Jul. 14, 2015) ("Plaintiffs do not seek to invalidate the mortgage loan or to permanently enjoin Defendant from foreclosing.  If they did, the value of the Property would be 'in

2

1    controversy'.  Rather, Plaintiffs seek to enjoin Defendant from foreclosing until it complies with

2    HBOR and reaches a final decision on their loan modification application."); *Jauregui v.*

3    *Nationstar Mortg. LLC*, 2015 WL 2154148, at *4 (C.D. Cal. May 7, 2015) ("Courts have roundly

4    rejected the argument that the amount in controversy is the entire amount of the loan in cases

5    where the plaintiff seeks only to enjoin a foreclosure sale pending a loan modification

6    application."); *Vergara v. Wells Fargo Bank, N.A.*, 2015 WL 1240421, at *2 (C.D. Cal. Mar. 17,

7    2015) (same).

8             Here, although the Complaint makes references to damages in the form of the "value" of

9    the property at issue, Plaintiff does not appear to seek a permanent injunction nor a rescission of

10   the mortgage loan.  Compl. ¶¶ 58 ("Defendant violated Civil Code § 2923.6(e) by refusing to

11   postpone the foreclosure sale set to occur on October 1, 2015, pending the outcome of Plaintiff's

12   appeal for a loan modification."); 70 ("Plaintiff seeks an order enjoining Defendant proceeding

13   with any foreclosure activity until Defendant has corrected and remedied its material violations of

14   Civil Code § 2924.17.").  Defendant has therefore failed to meet its burden of proving the

15   jurisdictional amount, and Plaintiff's Motion to Remand must be GRANTED.

16           **IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is GRANTED.  (Dkt. No.

17   15).

18   Dated:  March 9, 2016.

19

20

21                                                    _____

22                                                              MANUEL L. REAL
                                                         UNITED STATES DISTRICT JUDGE
23

24

25

26

27

28